UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                :

UNITED STATES OF AMERICA   :   AMENDED PRELIMINARY
                                :   ORDER OF FORFEITURE
    - v. -                         :   AS TO SPECIFIC
                                :   PROPERTY/MONEY JUDGMENT
NICHOLAS JOSEPH GENOVESE,   :
                                :   18 Cr. 183 (WHP)
           Defendant.         :
------------------------------- x

        WHEREAS, on or about March 2, 2018, defendant NICHOLAS JOSEPH GENOVESE (the "Defendant"), was charged in a two-count Indictment, numbered 18 Cr. 183 (WHP) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

        WHEREAS, in a parallel civil enforcement action against the Defendant by the United States Securities and Exchange Commission ("SEC") captioned *S.E.C.* v. *Nicholas J. Genovese et al.*, 18 Civ. 942 (JGK) pending before United States District Judge John G. Koeltl of this Court, Judge Koeltl issued an Order on or about February 26, 2018 that, among other things, preliminarily froze the Defendant's assets and enjoined the Defendant and anyone served with the

Order from disposing of any such assets pending a final disposition of that action (the "Asset Freeze Order");

WHEREAS, the SEC subsequently served the Asset Freeze Order on Hacker Boat Company, Inc. ("Hacker Boat Company"), which had custody of a 2017 Hacker-Craft triple cockpit runabout bearing the name "Chasing Alpha" with HIN: HKQ00579G617 and New York registration number "NY 5419 MH" with a 2003 Load Rite trailer with Vehicle Identification Number 5A4RN3V2032000130 ("Boat-1") and a 1983 Hacker-Craft triple cockpit runabout bearing the name "Fin & Tonic" with HIN: HKQ000000783 and New York registration number "NY 9136 MH" ("Boat-2"), both representing property that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, on or about February 2, 2018, the Federal Bureau of Investigation seized $148,488.38 from the Defendant in connection with his arrest (the "Seized Funds"), representing property that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the SEC has frozen all funds in the following accounts pursuant to the Asset Freeze Order, all of which represent property that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained:

    a) JP Morgan Chase Bank Account number 3379978223, held in the name of Nicholas J. Genovese;

    b) JP Morgan Chase Bank Account number 786282827, held in the name of Nicholas J. Genovese;

    c) JP Morgan Chase Bank Account number 3379972838, held in the name of Westleigh Capital LLC;

d) JP Morgan Chase Bank Account number 478216588, held in the name of Westleigh Capital LLC;

e) JP Morgan Chase Bank Account number 3040589052, held in the name of Westleigh Capital LLC;

f) JP Morgan Chase Bank Account number 786271556, held in the name of Westleigh Capital LLC;

g) JP Morgan Chase Bank Account number 800700358, held in the name of Willow Creek Advisors LLC;

h) JP Morgan Chase Bank Account number 3387279523, held in the name of Willow Creek Advisors LLC;

i) JP Morgan Chase Bank Account number 117735826, held in the name of Willow Creek Advisors LLC;

j) JP Morgan Chase Bank Account number 876659295, held in the name of Willow Creek GP LLC;

k) JP Morgan Chase Bank Account number 876659298, held in the name of Willow Creek GP LLC;

l) JP Morgan Chase Bank Account number 3573655585, held in the name of Willow Creek GP LLC;

m) JP Morgan Chase Bank Account number 876382388, held in the name of Willow Creek Investments LP;

n) JP Morgan Chase Bank Account number 3573571196, held in the name of Willow Creek Investments LP;

o) TD Ameritrade Bank Account number 861-449321, held in the name of Nicholas Genovese;

p) TD Ameritrade Bank Account number 865-177141, held in the name of Nicholas J. Genovese;

q) TD Ameritrade Bank Account number 884-575527, held in the name of Nicholas J. Genovese;

      r) TD Bank Account number 4281292163, held in the name of Willow Creek Advisors; and

      s) TD Bank Account number 4784047677, held in the name of Willow Creek Advisors;

(collectively, the "Frozen Accounts");

WHEREAS, in or about August 2018, pursuant to a sale agreement approved by this Court, Hacker Boat Company sold Boat-1 and is currently in possession of $178,289.99 in United States currency representing the net proceeds from the sale of Boat-1 (the "Boat-1 Sale Proceeds");

WHEREAS, on or about October 19, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461, all property, real or personal, constituting or derived, directly or indirectly, from proceeds traceable to the commission of the offense charged in the Count One of the Indictment;

WHEREAS, on or about October 22, 2018, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, based in part of the parties' understanding that the Defendant had personally obtained a total of $13,230,811 in proceeds from the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Government and the Defendant now understand and agree that the Defendant personally obtained a total of $11,211,704 in proceeds from the commission of the offense charged in Count One of the Indictment;

4

WHEREAS, the Government seeks the entry of a money judgment in the amount of $11,211,704 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture from the Defendant of all of his right, title, and interest in the following:

a) Boat-1 Sale Proceeds

b) Boat-2;

c) $73,600 in United States currency currently held by Gar Wood Custom Boats representing the net sale proceeds of a 2018 28' GarWood Streamliner hull owned by the Defendant;

d) Seized Funds; and

e) Frozen Accounts;

(collectively, the "Specific Property"), which constitutes proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $11,211,704 (the "Money Judgment") in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.  As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, NICHOLAS JOSEPH GENOVESE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment. Any forfeited property in excess of the Money Judgment will be returned to counsel for the Defendant at an account to be provided by counsel for the Defendant.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.
SOUTHERN DISTRICT OF NEW YORK

April 20, 2020
DATE