UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
               :
UNITED STATES OF AMERICA            STIPULATION AND ORDER
               :
  -v.-                                             18 Cr. 183 (WHP)
               :
NICHOLAS JOSEPH GENOVESE,
               :
          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about March 2, 2018, defendant NICHOLAS JOSEPH GENOVESE (the "Defendant"), was charged in a two-count Indictment, numbered 18 Cr. 183 (WHP) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about October 19, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461, all property, real or personal, constituting or derived, directly or indirectly, from proceeds traceable to the commission of the offense charged in the Count One of

the Indictment including, but not limited to: (a) $13,230,811 in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained; and (b) all right, title and interest of the Defendant in, *inter alia*, a 1983 Hacker-Craft triple cockpit runabout bearing the name "Fin & Tonic" with HIN: HKQ000000783 and New York registration number "NY 9136 MH" and a 2003 Load Rite trailer with Vehicle Identification Number 5A4RN3V2032000130 (the "Subject Property");

WHEREAS, on or about February 12, 2020, the Court entered an Amended Preliminary Order of Forfeiture (D.E. 65-1), imposing a forfeiture money judgment in the amount of $11,211,704 in United States currency representing proceeds traceable to the commission of the offense charged in Count One of the Indictment, and forfeitinging, *inter alia*, the Defendant's right, title, and interest in the Subject Property;

WHEREAS, the Subject Property is currently stored by Hacker Boat Company, Inc. ("Hacker Boat Company");

WHEREAS, Hacker Boat Company has advised the Government of its interest in the Subject Property in the amount of $1,311.69 in United States currency representing the costs incurred by Hacker Boat Company as a result of storage and maintenance of the Subject Property (the "Storage Costs"); and

WHEREAS, the Government and Hacker, in order to avoid litigation, have determined to resolve each of their claims in the Subject Property on the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND

2

ORDERED, by and between Audrey Strauss, Acting United States Attorney for the Southern District of New York, by and through Assistant United States Attorney Samson Enzer, and Hacker Boat Company, by Chief Executive Officer, George Badcock, that:

1. The Government acknowledges Hacker Boat Company's interest in the Subject Property for the Storage Costs.

2. Upon the sale of the Subject Property, the United States Marshals (the "USMS") and/or its designee shall transfer the sum of $1,311.69 from the Net Proceeds (as defined below) from the sale of the Subject Property (the "Settlement Amount") to Hacker Boat Company in a manner consistent with the ACH Vendor Enrollment Form to be completed by Hacker Boat Company.

3. The Net Proceeds from the sale of the Subject Property shall be defined as the gross proceeds less:

   a. Auction commissions, if any; and

   b. Any costs of sale, including towing and investigative charges involved in preparing for sale (including any necessary repairs), sales commission, and storage and other costs and expenses incurred by the Government to effectuate the sale.

4. The terms of this Stipulation and Order shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an Order of the Court.

5. Upon entry of this Stipulation and Order, Hacker Boat Company agrees to not contest the forfeiture of the Subject Property and is barred from asserting any claim objecting to the entry of a final order of forfeiture for the Subject Property.

6. Hacker Boat Company is hereby barred from asserting any claim against

3

the United States of America ("USA"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the USMS, the Federal Bureau of Investigation ("FBI"), or any agents and employees of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Property, including but not limited to, any claim that there was no probably cause to freeze, seize and/or forfeit Subject Property or that Hacker Boat Company is entitled to attorney's fees or any award of interest.

7. Hacker Boat Company hereby agrees to waive all rights to appeal or otherwise contest the validity of this Stipulation and Order.

8. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

9. Each party shall bear its own costs and attorney's fees.

10. This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters raised herein. No other statement, promise or agreement, either written or oral, made by any part of agents or of agents or of any party that is not contained in this written Stipulation and Order shall be enforceable and this Stipulation and Order may not be amended except by written consent thereof.

11. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be faxed, scanned or emailed, and such signatures

4

shall be treated as originals.

Agreed and consented to:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _Samson Enzer_      August 31, 2020
Samson Enzer      DATE
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
212-637-2342

Hacker Boat Company, LLC

By: _____      7/27/2020
George Badcock      DATE
Chief Executive Officer

SO ORDERED:

_____      September 3, 2020
WILLIAM H. PAULEY III      DATE
U.S.D.J.

5