UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA : **FINAL ORDER OF FORFEITURE**
:
-v.- : 18 Cr. 183 (WHP)
:
NICHOLAS JOSEPH GENOVESE, :
:
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about February 12, 2020, this Court entered an Amended Preliminary Order of Forfeiture as to Specific Properties/Money Judgment (the "Preliminary Order of Forfeiture") (Dkt. No. 65-1), which ordered the forfeiture to the United States of all right, title and interest of defendant NICHOLAS JOSEPH GENOVESE, (the "Defendant") in the following property:

  a) JP Morgan Chase Bank Account number 3379978223, held in the name of Nicholas J. Genovese;

  b) JP Morgan Chase Bank Account number 786282827, held in the name of Nicholas J. Genovese;

  c) JP Morgan Chase Bank Account number 3379972838, held in the name of Westleigh Capital LLC;

  d) JP Morgan Chase Bank Account number 478216588, held in the name of Westleigh Capital LLC;

  e) JP Morgan Chase Bank Account number 3040589052, held in the name of Westleigh Capital LLC;

  f) JP Morgan Chase Bank Account number 786271556, held in the name of Westleigh Capital LLC;

  g) JP Morgan Chase Bank Account number 800700358, held in the name of Willow Creek Advisors LLC;

h) JP Morgan Chase Bank Account number 3387279523, held in the name of Willow Creek Advisors LLC;

i) JP Morgan Chase Bank Account number 117735826, held in the name of Willow Creek Advisors LLC;

j) JP Morgan Chase Bank Account number 876659295, held in the name of Willow Creek GP LLC;

k) JP Morgan Chase Bank Account number 876659298, held in the name of Willow Creek GP LLC;

l) JP Morgan Chase Bank Account number 3573655585, held in the name of Willow Creek GP LLC;

m) JP Morgan Chase Bank Account number 876382388, held in the name of Willow Creek Investments LP;

n) JP Morgan Chase Bank Account number 3573571196, held in the name of Willow Creek Investments LP;

o) TD Ameritrade Bank Account number 861-449321, held in the name of Nicholas Genovese;

p) TD Ameritrade Bank Account number 865-177141, held in the name of Nicholas J. Genovese;

q) TD Ameritrade Bank Account number 884-575527, held in the name of Nicholas J. Genovese;

r) TD Bank Account number 4281292163, held in the name of Willow Creek Advisors; and

s) TD Bank Account number 4784047677, held in the name of Willow Creek Advisors;

t) $178,289.99 in United States currency representing the net proceeds from the sale of a 2017 Hacker-Craft triple cockpit runabout bearing the name "Chasing Alpha" with HIN: HKQ00579G617 and New York registration number "NY 5419 MH" with a 2003 Load Rite trailer with Vehicle Identification Number 5A4RN3V2032000130;

(a through t, the "Specific Property-1");

>    u) 1983 Hacker-Craft triple cockpit runabout bearing the name "Fin & Tonic" with HIN: HKQ000000783 and New York registration number "NY 9136 MH" (the "Subject Property"); and
>
>    v) $73,600 in United States currency currently held by Gar Wood Custom Boats representing the net sale proceeds of a 2018 28' GarWood Streamliner hull owned by the Defendant

(u and v, the "Specific Property-2", collectively with Specific Property-1, the "Specific Properties");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Properties, and the requirement that any person asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Properties before the United States can have clear title to the Specific Properties;

WHEREAS, a first Notice of Forfeiture and the intent of the United States to dispose of the Specific Property-2 was posted on an official government internet site (www.forfeiture.gov) beginning on May 25, 2019, for thirty (30) consecutive days, through June

23, 2019, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 2, 2020 (Dkt. No. 105);

WHEREAS, a second Notice of Forfeiture and the intent of the United States to dispose of the Specific Property-1 was posted on an official government internet site (www.forfeiture.gov) beginning on April 30, 2020, for thirty (30) consecutive days, through May 29, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 7, 2020 (Dkt. No. 92);

WHEREAS, since the entry of the Preliminary Order of Forfeiture, Hacker Boat Company advised the Government of its interest in the Subject Property in the amount of $1,311.69 in United States currency representing the costs incurred by Hacker Boat Company as a result of storage and maintenance of the Subject Property;

WHEREAS, on or about September 3, 2020 the Court entered a Stipulation and Order (Dkt. No. 101) as to the Subject Property resolving Hacker Boat Company's interest in the Subject Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims, other than that of Hacker Boat Company, to contest the forfeiture of the Specific Properties have been filed;

WHEREAS, the Defendant and Hacker Boat Company are the only persons and/or entities known by the Government to have a potential interest the Specific Properties; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest

4

the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Properties is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Properties.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
　　　　December 28, 2020

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

5