

225 BROADWAY
SUITE 715
NEW YORK, NY 10007
T: 212 323 6922
F: 212 323 6923

September 2, 2020

**VIA ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States of America v. Nicholas Genovese
18 Cr. 183 (WHP)
Supplemental Motion for New Counsel

Dear Judge Pauley:

I am the attorney for the defendant in the above-referenced matter, having been appointed pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006 A. Mr. Genovese has requested that I submit a supplemental motion for new counsel to be appointed to him. A motion for new counsel was filed on September 2, 2020 and is pending before this Court. Since the filing of that motion, I have communicated with Mr. Genovese who has repeatedly requested that a new attorney be appointed to him. Mr. Genovese had retained counsel until he was sentenced in the instant matter. That attorney requested that CJA counsel be appointed to handle an appeal in the United States Court of Appeals for the Second Circuit. At the same time, Mr. Genovese petitioned this Court for new counsel in the District Court. Those actions resulted in my appointment in the District Court and another attorney being assigned in the Second Circuit. I contacted the clerk assigned to Mr. Genovese's appeal who stated in October 2020 that because I was never assigned in the Second Circuit, the Circuit could take no action as to the appointment of counsel in the District Court. I relayed that information to Mr. Genovese and he has renewed his requests for new counsel.

On December 31, 2020, Mr. Genovese's appellate counsel informed me that Mr. Genovese desires to renew his motion for compassionate release in the District Court pursuant to the recent decision in United States v. Brooker, 976 F.3d 228 (2d Cir. 2020).[1] Appellate counsel further informed me that Mr. Genovese will not "move forward" with his renewed motion if new counsel is not appointed. I interpret these statements to imply that Mr. Genovese will ultimately claim that his Sixth Amendment rights have been violated in some manner despite the fact that I filed a fulsome motion on his behalf in the first instance. In addition, Mr. Genovese had indicated some months ago that he intended to file a grievance against me which, by its nature, is an adversarial proceeding. For the aforementioned reasons, I would join in Mr. Genovese's request for new counsel. The Court's time and attention to this request are greatly appreciated.

Respectfully submitted,

/s/

Calvin H. Scholar

cc: United States Attorney for the
Southern District of New York

In light of the appearance of new counsel, see ECF No. 114, application GRANTED. The Clerk of Court is directed to terminate Mr. Scholar as counsel and to terminate ECF Nos. 99 and 109. SO ORDERED.

July 16, 2021

---

[1] After the denial of the motion for compassionate release, I filed a Notice of Appeal pursuant to Mr. Genovese's direction. According to his appellate counsel, Mr. Genovese would rather renew his motion in the District Court than challenge the ruling on appeal.