UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                           :
:     18-CR-183 (JMF)
-v-                                                 :
:     MEMORANDUM
NICHOLAS GENOVESE,                                  :     OPINION AND ORDER
:
Defendant.                            :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Nicholas Genovese was convicted, following a guilty plea, of one count of securities fraud and sentenced, on February 11, 2020, by the Honorable William H. Pauley principally to 140 months' imprisonment, within the applicable Sentencing Guidelines range of 121 to 151 months' imprisonment. *See* ECF No. 81 ("Sentencing Tr."), at 82. At sentencing, Judge Pauley stressed the impact that Genovese's crime had on his victims, several of whom submitted victim impact statements or spoke at sentencing. *See id.* at 77-78 (observing that "many trusting and decent individuals have been deeply injured by Mr. Genovese's fraud, and a number of them may not recover from their financial and psychological losses"). More notably, he described Genovese as "a danger to the community, truly a predator, unlike any I've encountered in more than 21 years on the bench." *Id.* at 82. Recounting Genovese's lengthy criminal history — "17 arrests and nine convictions dating back to December 1989," virtually all of which related "to fraud of one kind or another, with the dollar amounts escalating each time" — Judge Pauley remarked that Genovese had "assembled quite a body of work as a fraudster" and that "the need for specific deterrence" was "compelling." *Id.* at 78-79. Indeed, Judge Pauley emphasized his "concern[]," in light of Genovese's "30-year history of fraud[,] . . . that when Mr. Genovese is released from prison he'll concoct another more outrageous scheme because that's been his trajectory for the last 30 years." *Id.* at 82.

In June 2020, Genovese filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides that a court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* ECF No. 89. The Government did not dispute that Genovese faced a heightened risk of serious illness from COVID-19 and, on that basis, conceded that he had established an "extraordinary and compelling reason[]" for a sentencing reduction, but it nevertheless opposed the motion. *See* ECF No. 86. By Memorandum and Order entered on July 15, 2020, Judge Pauley denied the motion. *See* ECF No. 93. To the extent relevant here, Judge Pauley held that relief was barred by U.S.S.G. § 1B1.13(2) because Genovese posed a danger to the community. *See id.* at 6-7. In the alternative, he concluded that relief was not warranted in light of the Section 3553(a) factors:

> Stated simply, Genovese's criminal conduct was abhorrent. He convinced unsuspected victims to entrust their savings with his bogus investment firm . . . . To gain their trust, Genovese lied to his victims. He claimed to be an heir to the Genovese Drug Stores family fortune and a graduate of Dartmouth College's Tuck School of Business. And he fabricated his employment history, claiming he previously worked at Goldman Sachs and Bear Stearns. Rather than manage his victims' money, Genovese squandered it on — among other things — luxury boats and rental cars, a private chauffer [sic], a $50,000 gala table at the New York Philharmonic, and numerous vacations. . . . Genovese stipulated to a restitution obligation of $13,230,811. However, several of Genovese's victims . . . now face uncertain financial futures with little hope of recouping their losses.

*Id.* at 8 (citations omitted). "In short," Judge Pauley concluded, "the breadth and cruelty of Genovese's fraudulent scheme necessitated the 140-month sentence." *Id.* So too did Genovese's "escalating saga of fraudulent conduct spanning decades. . . . If this Court were to grant his motion," Judge Pauley wrote, "it would only unleash Genovese to engage in future fraudulent conduct and frustrate the need for specific deterrence." *Id.* at 9.

Almost exactly one year later, Genovese filed a motion for reconsideration of Judge Pauley's decision.  *See* ECF No. 115 ("Motion").[1]  (Due to Judge Pauley's untimely death, the case — along with the pending motion for reconsideration — was thereafter reassigned to the undersigned.)  Genovese argues that there are two grounds justifying reconsideration.  First, he contends that "there has been a significant factual development that bears on the merits of" his request for a reduced sentence, namely ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  *See id.* at 1-2.  "The fact that Mr. Genovese ███████████████████████████████████ ████████████████," he argues, "constitutes newly discovered evidence that impacts the analysis of the Section 3553(a) factors informing the Court's July 2020 Order denying Mr. Genovese's Section 3582(c) motion."  *Id.* at 2.  Second, Genovese cites as a basis for reconsideration "a change in the law that governs Section 3582(c) motions since the Court issued its July 2020 Order," namely the Second Circuit's holding in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), that "U.S.S.G. § 1B1.13 does not apply to Section 3582(c) motions that, like Mr. Genovese's motion, are brought by an incarcerated defendant rather than by the Bureau of Prisons on an incarcerated defendant's behalf."  Motion 2.  On these bases, Genovese seeks "a modest reduction of [his] lengthy prison sentence."  *Id.*

---

[1] Genovese filed his motion papers in redacted form and requested leave to file unredacted versions and certain exhibits under seal.  The Government did the same.  The Court grants those requests, finding that the parties' proposed sealing and redactions are narrowly tailored and justified.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  For the same reason, the Court is publicly filing a redacted version of this Memorandum Opinion and Order and will file and maintain the unredacted version under seal.

3

The Government opposes Genovese's motion.  *See* ECF No. 120 ("Opp'n").[2]  The Government acknowledges that ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████.  *See id.* at 6.  According to the Government, however, ███████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████.  Citing the fact that █████████

███████████████████ was brought to Judge Pauley's attention in connection with sentencing, and the fact that Genovese has now received two doses of the Moderna COVID-19 vaccine, the Government argues that Genovese fails to "carry his burden of showing that there are 'extraordinary and compelling reasons'" for a reduction of his sentence.  Opp'n 1.  "In any event," the Government continues, "even if Genovese could clear that threshold obstacle (which he cannot), Genovese's motion also fails to establish, as his burden, any valid basis for revisiting Judge Pauley's determination that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting any reduction of Genovese's prison term."  *Id.*

The Court agrees with the Government's arguments regarding the Section 3553(a) factors.  That is, whether the Court applies the standards applicable to a motion for reconsideration, *see, e.g.*, *United States v. Gomez*, No. 08-CR-429 (DLC), 2016 WL 2939163, at *2 (S.D.N.Y. May 19, 2016), or treats Genovese's motion as a fresh motion for a compassionate

---

[2]     In addition, the Court received several letters opposing Genovese's motion from victims of his offense.  *See* ECF Nos. 120-2, 122.

release, it concludes that he has failed to carry his burden of showing that the Section 3553(a) factors call for any reduction of his sentence.³  Given the seriousness of Genovese's offense, his lengthy history of committing increasingly serious fraud crimes, and the extremely high likelihood that he would commit additional offenses after his release from prison, Judge Pauley's 140-month sentence was amply justified.  Notably, at the time of sentencing, Judge Pauley was made aware ███████████████████████████████

███████████████████████████████████████

███████████████████.  Thus, the only new information offered by Genovese here is ██████

███████████████████████████████.  Put simply, that is not enough to alter the balance of the Section 3553(a) factors — particularly since it can be assumed that Judge Pauley considered ███████████████████████████████ when he imposed his sentence.  Without more — for instance, ███████████████████████████

███████████████████████████████

---

³     In light of that conclusion, the Court need not and does not decide whether Genovese has carried his burden of showing that there are "extraordinary and compelling reasons" justifying a reduction of his sentence.  The Court notes, however, that the Government's arguments on that score are not without force.  *See* Opp'n 18-21.  First, because Genovese is fully vaccinated against COVID-19, he "now has significant protection against serious illness or death should he contract COVID-19." *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 & n.36 (M.D. Pa. Mar. 11, 2021).  Second, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████.  The fact the Judge Pauley did not reference the issue at sentencing is immaterial. *Cf. United States v. Fernandez*, 443 F.3d 19, 28-31 (2d Cir. 2006) ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise.").  If anything, it underscores the fact that Judge Pauley did not consider it significant.

██████████████████████████████████████████████████ is not enough to warrant even a modest reduction in Genovese's well-deserved sentence.[4]

The Clerk of Court is directed to terminate ECF No. 115.

SO ORDERED.

Dated: August 17, 2021
New York, New York

                                  JESSE M. FURMAN
                                  United States District Judge

---

[4] As the Government effectively concedes, *see* Opp'n 17-18, Judge Pauley's conclusion that Genovese's motion was barred by U.S.S.G. § 1B1.13 is indeed untenable in light of *Brooker*. But that error is immaterial given the Court's analysis and conclusion that the Section 3553(a) factors do not justify a sentencing reduction.