**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2022

**BY ECF AND E-MAIL**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Nicholas Joseph Genovese, 18 Cr. 183 (JMF)**

Dear Judge Furman:

The Government writes regarding an administrative matter with respect to the restitution order in the above-captioned matter.[1]

On April 17, 2020, the Government submitted via e-mail to Judge Pauley (to whom the case was previously assigned) a restitution order, which included a "Schedule of Victims" that was to be filed under seal. (*See* Ex. A). On April 20, 2020, Judge Pauley entered the restitution order, which incorporated and filed under seal the "Schedule of Victims." (*See* Ex. B ¶¶ 1, 6 (ECF No. 80)).

The Government understands that a copy of the "Schedule of Victims" was never submitted to the physical case file at the Clerk of Court, and that certain government personnel require a so-ordered copy of the "Schedule of Victims" from the Court to finalize restitution payments in this matter. Accordingly, the Government respectfully requests that the Court so-order the "Schedule of Victims," which the Government is separately providing to the Court as an attachment to Exhibit B, so that the Clerk of Court can maintain the document in the case file.[2] The Government further requests, consistent with the restitution order that Judge Pauley entered, that the "Schedule of Victims" remain under seal, because it contains victim addresses. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) (explaining that "the privacy interests of

[1] A Section 2255 motion is pending in this matter and the Government's response is due on May 20, 2022. (ECF No. 137).

[2] The Government represents that this document is identical to the document that was submitted to Judge Pauley in April 2020 and that was incorporated into the restitution order at the time.

innocent third parties should weigh heavily" against the presumption of public access to judicial documents" (alterations omitted)).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ______________________
Patrick R. Moroney
Assistant United States Attorney
(212) 637-2330

cc (by ECF): Jeffrey Pittell, Esq.

cc (by mail): Nicholas Joseph Genovese
Reg. No. 17079-104
FCI Cumberland
Federal Correctional Institution
Satellite Camp
P.O. Box 1000
Cumberland, MD 21501

Application GRANTED. SO ORDERED.

May 13, 2022



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 17, 2020

**BY ELECTRONIC MAIL**
Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States* v. *Nicholas Genovese*, 18 Cr. 183 (WHP)**

Dear Judge Pauley:

On February 11, 2020, Your Honor sentenced defendant Nicholas Genovese to 140 months of imprisonment for Genovese's securities fraud crime in this case and ordered Genovese to pay criminal monetary penalties including a total of $11,211,704 in restitution to the victims of that crime, and Your Honor also signed a criminal judgment against Genovese providing as pertinent here that if Genovese makes any partial payments against his restitution obligation, each victim shall receive an appropriately proportioned payment per a schedule of victims and further that Genovese shall pay 15% of his gross monthly income towards the satisfaction of restitution, paid to the Clerk of this Court, over a period of supervision, to commence 30 days after Genovese's release from prison custody. In order to facilitate the effectuation of the restitution penalties imposed by Your Honor, the Government respectfully submits the enclosed proposed restitution order that can be filed publicly on the Court's docket and an accompanying confidential schedule of victims to be filed under seal setting forth the names of the victims to whom restitution payments should be made, their respective addresses, and the restitution amount owed to each of them for apportionment purposes.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: ____/s______________________
Samson Enzer
Assistant United States Attorney
Tel: (212) 637-2342

Encls.

Cc: Calvin Scholar, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

NICHOLAS JOSEPH GENOVESE,

Defendant.

**Order of Restitution**

18 Cr. 183 (WHP)

Upon the application of the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, Samson Enzer, Assistant United States Attorney, of counsel; the United States Probation Department's final presentence report for the Defendant; the Defendant's conviction on Count One of the above-referenced Indictment; the restitution penalties imposed by the Court at the Defendant's sentencing hearing on February 11, 2020 and in the Judgment in a Criminal Case signed by the Court on February 11, 2020 in this case; and all other proceedings in this case, it is hereby ORDERED that:

**1.** **Amount of Restitution.** Nicholas Joseph Genovese, the Defendant, shall pay restitution in the total amount of $11,211,704, pursuant to 18 U.S.C. §§ 3663 and 3663A, to the victims of the securities fraud offense described in Count One of the Indictment. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment

shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2.** **Schedule of Payments.** As set forth in the Judgment in a Criminal Case signed by the Court on February 11, 2020 in this case, the Defendant shall pay 15% of his gross monthly income towards restitution, paid to the Clerk of the Court, over a period of supervision, to commence 30 days after his release from the custody of the Federal Bureau of Prisons, until the total amount of $11,211,704 in restitution has been paid.

**3.** **Payment Instructions.** The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 — Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

**4**. **Additional Provisions.** The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Department (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the

Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

**5.** **Restitution Liability.** The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

**6.** **Sealing.** Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_________________________________ _____________________

THE HONORABLE WILLIAM H. PAULEY III DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

NICHOLAS JOSEPH GENOVESE,

Defendant.

**Order of Restitution**

18 Cr. 183 (WHP)

Upon the application of the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, Samson Enzer, Assistant United States Attorney, of counsel; the United States Probation Department's final presentence report for the Defendant; the Defendant's conviction on Count One of the above-referenced Indictment; the restitution penalties imposed by the Court at the Defendant's sentencing hearing on February 11, 2020 and in the Judgment in a Criminal Case signed by the Court on February 11, 2020 in this case; and all other proceedings in this case, it is hereby ORDERED that:

**1.** **Amount of Restitution.** Nicholas Joseph Genovese, the Defendant, shall pay restitution in the total amount of $11,211,704, pursuant to 18 U.S.C. §§ 3663 and 3663A, to the victims of the securities fraud offense described in Count One of the Indictment. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment

shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2.** **Schedule of Payments.** As set forth in the Judgment in a Criminal Case signed by the Court on February 11, 2020 in this case, the Defendant shall pay 15% of his gross monthly income towards restitution, paid to the Clerk of the Court, over a period of supervision, to commence 30 days after his release from the custody of the Federal Bureau of Prisons, until the total amount of $11,211,704 in restitution has been paid.

**3.** **Payment Instructions.** The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 — Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

**4**. **Additional Provisions.** The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Department (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the

Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

**5.** **Restitution Liability.** The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

**6.** **Sealing.** Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

April 20, 2020
DATE

WILLIAM H. PAULEY III
U.S.D.J.

**SEALED**

# Exhibit A

# Schedule of Victims