**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel  212 213-6996

July 21, 2022

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Nicholas Genovese*, 18 Cr. 183 (JMF)

Dear Judge Furman:

      I represented defendant Nicholas Genovese for purposes of his July 14, 2021 motion to reconsider the July 15, 2020 Memorandum and Order denying his prior motion for compassionate release pursuant to Title 18, United States Code, Section 3582(c).  (Docket No. 115).  This Court denied the motion for reconsideration on August 17, 2021.  (Docket No. 123).  I do not represent Mr. Genovese in connection with his current Section 2255 motion, which I understand from the public docket to be pending.  However, Mr. Genovese has asked me to submit this letter to the Court on his behalf, which does not relate to the pending Section 2255 motion.

      I respectfully write to bring to the Court's attention that there are a handful of instances in Mr. Genovese's Presentence Investigation Report (the "PSR," Docket No. 25) in which a prior arrest is mistakenly listed as having "no reported disposition," and it appears that these inaccuracies have caused a detainer to be incorrectly placed on Mr. Genovese by the Bureau of Prisons.[1]  Specifically:

(1) Paragraph 81 of the PSR lists a December 18, 1989 arrest for "theft by deception" for which no disposition is reported.  However, records show that the charge was resolved by a plea of guilty in November 1990.  The "disposition" column of Paragraph 81 of the PSR should reflect that the case was resolved by a guilty plea and a sentence of 180 hours of community service.[2]

---

[1] In August 2021, the Bureau of Prisons sent a detainer action letter based on the PSR to the Circuit Court of Cook County, in Chicago, stating: "Presentence report indicates possible pending charges in your Court" and listing the arrests discussed herein.  To my understanding, the Circuit Court of Cook County never responded to the detainer action letter.  The detainer action letter is attached for the Court's ease of reference as Exhibit A.

[2] According to the relevant records, the original sentence was for 30 months' imprisonment but it was converted to 180 hours of community service.  Based on the same records, there appears to have been a subsequent probation violation which was resolved on July 30, 1991 when restitution was made in open court and a petition for violation of probation was denied.  To the

(2) Paragraph 89 of the PSR lists a June 3, 1999 arrest for "deceptive practice" for which no disposition was reported. However, records show that this case was resolved by a *nolle prosequi* on June 10, 1999. The "disposition" column of Paragraph 89 of the PSR should reflect that the case was dismissed.

(3) Paragraph 91 of the PSR lists a January 13, 2000 "warrant arrest" wherein, according to Paragraph 92 of the PSR, Mr. Genovese was arrested for an outstanding warrant when he was pulled over on a traffic violation. Paragraph 92 notes that Mr. Genovese was released the same day without being charged because the warrant was "not serviceable." That is because the warrant was for the arrest noted in Paragraph 89, which had been the subject of a *nolle prosequi*. The warrant should not have been outstanding. The "disposition" column of Paragraph 91 of the PSR should reflect that the case was dismissed.

In order to avoid a detainer mistakenly remaining in place with respect to Mr. Genovese based on the incidents discussed herein, I respectfully ask that the Court order that the PSR be amended as reflected above. I have conferred with the Government about this request and have shared with them the documentation referenced in this letter. The Government consents to this request. I greatly appreciate the time and attention that the Government has given to resolving this issue, and I thank the Court for its consideration.

Respectfully submitted,

_____/s/_____
Max Nicholas

Application GRANTED on consent. The Clerk of Court is directed to terminate ECF No. 149.

SO ORDERED

July 22, 2022

---

extent the detainer action letter relates in any way to the probation violation, this is a mistake as well and the probation violation should be considered resolved.

# DETAINER ACTION LETTER

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To: Circuit Court of Cook County<br>Richard J Daley Center<br>50 W Washington St.,<br>Chicago, IL 60602 | | Institution:<br>RECORDS OFFICE<br>FCI Cumberland<br>14601 Burbridge Road, SE<br>Cumberland, Maryland 21502 | |
|---|---|---|---|
| | | Date: August 18, 2021 | |
| Case/Dkt. No.:<br>90C0084501<br>Aliases: "NICK" | Inmate Name:<br>GENOVESE, NICHOLAS JOSEPH | Fed Reg No.: | DOB/SEX/RACE |
| | | Other Nos.:<br>SSN:<br>FBI:<br>STAN: | |

The below checked paragraph relates to the above named inmate:

**X** This office is in receipt of the following report: **Presentence report indicates possible pending charges in your Court.**

| 2/26/91 | Probation violation/90C0084501 |
|---|---|
| 12/18/89 | Theft by deception/89128270001 |
| 6/3/99 | Deceptive Practice |
| 1/13/2000 | Warrant Arrest |

Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

A detainer has been filed against this subject in your favor charging: _____. Release is tentatively scheduled for _____, however, we will notify you no later than 60 days prior to actual release. To check on an inmate's location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.

Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

Your detainer warrant has been removed on the basis of the attached _____. Notify this office immediately if you do not concur with this action.

Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____.

I am returning your _____ on the above named inmate who was committed to this institution on ____ to serve _____ for the offense of _____. If you wish your _____ filed as a detainer, please return a certified copy to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

Sincerely,

Ellen Roberts,
Supervisory Correctional Systems Specialist
(301) 784-1000

PSI# 55,81,89,91

Original - Addressee, Copy - J&C File; Copy - Inmate; Copy - Central File (Section I); Copy - Correctional Services Department