UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
NICHOLAS J. GENOVESE,       :
       :
       Plaintiff,       :       22-CV-800 (JMF)
       :       18-CR-183 (JMF)
    -v-       :
       :
UNITED STATES OF AMERICA,       :       MEMORANDUM OPINION
       :       AND ORDER
       Defendant.       :
       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Nicholas Genovese was convicted following a guilty plea of one count of securities fraud and sentenced on February 11, 2020, by the late District Judge William H. Pauley to 140 months' imprisonment. *See* ECF No. 81 ("Sent. Tr."), at 82.[1] In imposing sentence, Judge Pauley emphasized the fact that "many trusting and decent individuals" had "been deeply injured by Mr. Genovese's fraud" and noted "a compelling need for specific deterrence because Mr. Genovese is a serial fraudster." *Id.* at 77-78. Indeed, based on Genovese's prior record — namely, a "30-year history of fraud" — Judge Pauley observed that Genovese was "a danger to the community, truly a predator, unlike any [he had] encountered in more than 21 years on the bench." *Id.* at 82; *see also* ECF No. 93, at 8-9 (denying a motion for compassionate release five months after sentencing, noting that "Genovese's criminal conduct was abhorrent" and that "Genovese's scheme was the latest chapter in an escalating saga of fraudulent conduct spanning decades"). Genovese now moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the ground that his counsel at sentencing, Alexander Eisemann, rendered ineffective assistance of

---

[1]     Unless otherwise noted, all record citations are to 18-CR-183 (JMF).

counsel by failing to (1) provide him with a copy of the Presentence Investigation Report ("PSR") to review before sentencing; (2) object to certain inaccuracies in the PSR; and (3) request, or object to, an "Undisclosed Victim Letter." ECF No. 129, at 15-18 ("Motion").[2]

Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To qualify for relief based on ineffective assistance of counsel, a movant must prove that (1) counsel's performance was deficient, and (2) there was prejudice resulting from that deficient performance. *See, e.g.*, *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the first prong of that test, the movant must show that "counsel made errors *so serious* that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687 (emphasis added). In evaluating counsel's performance, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This requires that the movant show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Where the "motion and the files and records of a case conclusively show that the prisoner is entitled to no relief," a Section 2255 motion can be denied without a hearing. 28 U.S.C. § 2255(b).

---

[2]  Although Genovese did not file his motion until January 18, 2022, the Government concedes that his motion is timely. *See* ECF No. 142 ("Gov't Opp'n"), at 9-11.

Applying those standards here, Genovese's motion must be and is denied.[3] As noted, Genovese's first claim is that Eisemman failed to provide him with a copy of the PSR to review before sentencing. That appears to be true, but is not the full story. At sentencing, Judge Pauley asked Eisemann whether he had reviewed the PSR with Genovese. *See* Sent. Tr. 2. Eisemann responded that he had not but that "prior counsel" had "represented to [him] that Mr. Genovese has the report and has reviewed it." *Id.* at 2-3. Genovese did not then, and does not now, dispute this representation. *See id.* at 71-74. (Perhaps tellingly, he quotes only the beginning of Eisemann's statement. *See* Motion 15 ("Eisemann: 'I did not review it with him, . . . .").) That is fatal to Genovese's claim. *See, e.g.*, *United States v. Stanley*, No. 5:06-CR-0315, 2009 WL 10677081, at *7 (N.D.N.Y. Nov. 3, 2009) (rejecting a similar ineffective assistance claim where the movant, "when presented with an opportunity from the Court to speak [at sentencing], . . . made no mention that he did not receive or review the PSR"); *Cruz v. United States*, No. 01-CV-224 (DLC), 2001 WL 727032, at *2 (S.D.N.Y. June 27, 2001) (same).

Genovese's second claim — that Eisemman failed to object to certain inaccuracies in the PSR — fails both prongs of the *Strickland* test. At sentencing, Eisemman offered a host of objections and corrections to the PSR, *see* Sent. Tr. 3-11, and explicitly noted that any other

---

[3] The Government argues that Genovese's motion should be denied based on the appellate waiver in his plea agreement, pursuant to which he agreed not to collaterally attack any sentence below 151 months' imprisonment. *See* Gov't Opp'n 11-14; *see also id.* Ex. A ("Plea Agmt."), at 5. Through counsel (which the Court appointed for the limited purpose of addressing this issue and the timeliness of the motion), Genovese argues that the waiver does not apply because it expressly excluded "whatever rights the defendant may have to assert claims of ineffective assistance of counsel." Plea Agmt. 5; *see also* ECF No. 138, at 2; ECF No. 144, at 2-3. The Court is inclined think that Genovese has the better of the argument, as the exception to the appellate waiver in the plea agreement is not limited — as the Government suggests — to any particular species of ineffective assistance claim and plea agreements are to be construed "strictly against the government." *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019). That said, the Court need not and does not decide the issue as Genovese's claims fail on the merits.

3

inaccuracies were immaterial, *see id.* at 8.  In addition, Judge Pauley cited the substantial volume of briefing that Eisemann had submitted on Genovese's behalf, *see, e.g.*, ECF Nos. 67, 68, 69, and explicitly noted that "considerable ink was spilled in the parties' presentence submissions concerning the defendant's criminal history," Sent. Tr. 75.  Given that record, and the "strong presumption" that counsel's performance was adequate, *Strickland*, 466 U.S. at 689, Genovese cannot and does not establish that Eisemann's failure to raise the inaccuracies in the PSR that he now alleges — namely, four cases listed "as open or unknown status" that were "in fact . . . all resolved cases as time served or dismissed," Motion 16; *see also* ECF No. 25 ("PSR"), ¶¶ 55, 81, 89, 91; ECF No. 150, at 1-2 — was deficient.  *See, e.g.*, *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000) (emphasizing that "[t]he [*Strickland*] performance inquiry is contextual").

      Nor, in any event, does (or can) Genovese demonstrate a reasonable probability that his sentence would have been any different but for this purported error.  First, there is little or no reason to believe that Judge Pauley believed the four charges remained open or unresolved.  Quite the opposite.  The PSR listed no pending charges, *see* PSR ¶ 80; the arrests at issue had occurred over twenty years earlier, *see* Motion 34; and the PSR noted that one of the four arrests had resulted in immediate release without charges, *see* PSR ¶¶ 91-92 (listing an arrest with "no disposition reported" in but then describing its disposition).  Second, and in any event, there is no basis to find that the four cases, even if erroneously described in the PSR, affected Judge Pauley's sentence.  Judge Pauley did not mention any of the four cases — at sentencing or, for that matter, in his opinion denying Genovese's motion for compassionate release.  And even without the four cases, Judge Pauley's assessment of Genovese's "body of work as a fraudster" was fundamentally accurate.  Sent. Tr. 78-79, 82.  In short, because "[t]here is no reason to believe that correction of the PSR would have affected" Judge Pauley's sentencing decision,

4

Genovese has failed to establish that he suffered prejudice sufficient to satisfy *Strickland*. *United States v. Vergara*, 61 F. App'x 747, 749 (2d Cir. 2003); *see also Cekaj v. United States*, No. 12-CR-600 (GBD), 2016 WL 354195, at *7 (S.D.N.Y. Jan. 25, 2016) (finding no prejudice where "[n]one of the factors that the Court relied upon in setting [the movant's] sentence would have been impacted by the factual objections [to the PSR that he] contends his attorney should have made"); *Fernandez-Garay v. United States*, 996 F.3d 57, 64 (1st Cir. 2021) (finding no prejudice where the movant "offered nothing more than conclusory assertions" that counsel's failure to object to inaccuracies in the PSR resulted in a lengthier sentence).

Finally, Genovese asserts that Eisemman erred by failing to request, or object to, an "Undisclosed Victim Letter." Motion 18. Genovese's sole basis for this claim is Judge Pauley's comment at sentencing that "[t]heir law firm sent a letter to me." *See* ECF No. 152, at 6 (quoting Sent. Tr. 10). Genovese asserts that he has "no idea what this letter was." *Id.*; *see also* Motion 18. But that assertion is, at best, disingenuous. In quoting from the sentencing transcript, Genovese ignores the context of Judge Pauley's statement, which makes plain that it was — and was understood by Eisemman to be — a reference to a letter sent by a law firm on behalf of Colony Hills Capital. *See* Sent. Tr. 8-10. That letter was docketed almost one year before the sentencing proceeding, *see* ECF No. 24, and the PSR quoted from it extensively, *see* PSR ¶¶ 33-38. At sentencing, Eisemman objected to treating Colony Hills Capital as a victim (on the ground that it was a "civil litigant" and its funds had "been returned") and, in light of that objection, Judge Pauley struck from the PSR the paragraphs that quoted from the letter. Sent. Tr. 8-10. Judge Pauley's comment on which Genovese bases his claim came in response to Eisemman's request to go further and strike a sentence in the preceding paragraph noting that, "[t]o date, one victim, Colony Hills Capital, LLC, has submitted a victim-impact statement."

PSR ¶ 32; *see also* Sent. Tr. 9-10.  Judge Pauley responded: "No.  That's an accurate statement.  Their law firm sent a letter to me."  Sent. Tr. 10.  In other words, the letter at issue was the letter from Colony Hills Capital's counsel, which was, in fact, disclosed to the defense.

For the foregoing reasons, Genovese's motion must be and is DENIED in its entirety.  Because Genovese has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).  Furthermore, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus *in forma pauperis* status is denied for purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to terminate 18-CR-183, ECF No. 129; to close 22-CV-800; and to mail a copy of this Memorandum Opinion and Order to Genovese.

SO ORDERED.

Dated: February 23, 2023
      New York, New York

JESSE M. FURMAN
United States District Judge